MICHAEL J. CUMMINS (184181)
R. HUDSON HOLLISTER (323133)
GIBSON ROBB & LINDH LLP
1255 Powell Street
Emeryville, California 94608
Telephone:    (415) 348-6000
Facsimile:     (415) 348-6001
Email:          mcummins@gibsonrobb.com
                   rhollister@gibsonrobb.com

Attorneys for Defendants/Third-Party Plaintiffs
PEBBLE BEACH COMPANY, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE BEACH & TENNIS CLUB AT PEBBLE BEACH, a non-profit corporation; THE PEBBLE BEACH COMPANY FOUNDATION, a non-profit corporation, THE PEBBLE BEACH COMPANY, LP, a limited partnership; and DOES 1-25<br><br>　　　　Defendants. | Case No. 5:25-cv-10089-EKL<br><br>[Related Case no. 5;25-cv-08179-EKL]<br><br>**THIRD-PARTY COMPLAINT**<br><br>Complaint filed:  November 21, 2025 |
| PEBBLE BEACH COMPANY, a general partnership and *doing business as* BEACH & TENNIS CLUB AT PEBBLE BEACH; THE PEBBLE BEACH COMPANY FOUNDATION; and PEBBLE BEACH COMPANY, a limited partnership,<br><br>　　　　Third-Party Plaintiffs,<br><br>　　v.<br><br>STILLWATER YACHT CLUB, a non-profit corporation; CHARLES KURTMEN, an individual, and DOES 1 – 20,<br><br>　　　　Third-Party Defendants | |

Defendants and Third-Party Plaintiffs Pebble Beach Company, a general partnership and *doing business as* Beach & Tennis Club at Pebble Beach; The Pebble Beach Company Foundation; and Pebble Beach Company, a limited partnership, (all collectively referred to as "Third-Party Plaintiffs" or "PBC") for its Third-Party Complaint allege as follows:

## JURISDICTION AND VENUE

1. This Court has supplemental jurisdiction over this Third-Party Complaint because it arises out of the same transaction or occurrence that is the subject matter of the original action, and Third-Party Plaintiffs allege that Third-Party Defendants, and each of them, are or may be liable for all or part of the claims asserted against Third-Party Plaintiffs in the original complaint by plaintiff The Hanover Insurance Company ("Plaintiff" or "Hanover"). As the claims arise out of and involve the alleged loss of a vessel on the navigable waters of the United States, this action is also within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and Rule 9(h). PBC thus brings Third-Party Defendants into the action pursuant to F.R.C.P. 14(a) and (c).

2. Venue is proper in this Court under 28 U.S.C. §1391(b)(1) and (2).

## THE PARTIES AND FACTS MATERIAL TO ALL CLAIMS

3. Pebble Beach Company is a general partnership and *does business as* Beach & Tennis Club at Pebble Beach; The Pebble Beach Company Foundation is a 501 (c)(3) nonprofit organization as recognized by the IRS, and Pebble Beach Company, is a limited partnership. Each entity does business in this judicial district.

4. Third-Party Plaintiffs are informed and believe that Stillwater Yacht Club ("SYC") is a California nonprofit corporation that leases from the State of California through the California State Lands commission certain premises for recreational use in Stillwater Cove, adjacent to 1576 Cypress Drive, Pebble Beach, California, including for use of mooring buoys and anchors. Third-Party Plaintiffs are further informed and believe that now, and at all times herein material, SYC installed and operated the mooring buoys and anchors in Stillwater Cove, which activities included, without limitation, maintaining the moorings, managing and assigning individual mooring buoys to SYC members, which specifically included mooring buoy no. 9, and handling or assisting with short-term or temporary use of member moorings by non-SYC members.

5. Third-Party Plaintiffs are informed and believe that Charles Kurtmen ("Kurtmen") is a resident of California and is now and at all times herein material was a member of SYC and the individual that executed the Monterey Bay National Marine Sanctuary Management Permit No. MBNMS-2024-00 on behalf of SYC as SYC's Port Captain, which permit applied to the mooring buoys and anchors in Stillwater Cove, including buoy no. 9, and which Third-Party Plaintiffs are informed and believe was in effect at the time of the subject incident involving Hanover's insured's vessel that occurred on or about March 26, 2025, as more fully described below and in Hanover's complaint in this action.

6. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise of Third-Party Defendants sued herein as Does 1 through 20, inclusive, are unknown to PBC who therefore sues said defendants by such fictitious names. PBC is informed and believes, and thereupon alleges, that each of the fictitiously named defendants designated herein was, and is negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff, as alleged in Plaintiff's complaint. PBC will amend this Third-Party Complaint to allege their true names and capacities when ascertained.

7. On or about November 21, 2025, Hanover filed a subrogation complaint in this action against PBC, seeking damages flowing from the alleged grounding, attempted salvage, and ultimate loss of the vessel Emerald C., which vessel Hanover claims was owned by its insureds, Mulroy Bay LLC and/or Charles and Claire McBride and which grounded at Stillwater Cove on or about March 26, 2025 after it was secured to mooring buoy no. 9 at Stillwater Cove on the prior night by Mr. McBride and/or a crewmember aboard his boat.

8. In the subrogation complaint, Hanover further alleges that (1) the port captain and harbormaster of the Stillwater Cove mooring field negligently directed Mr. McBride to mooring buoy no. 9 and made erroneous representations to McBride regarding the size, capacity and fitness of the mooring and its ability to securely hold the vessel in place; (3) the vessel sustained grounding damages because the mooring was not of sufficient size and weight to securely hold the

vessel; and (4) it sustained damages of at least $2,022,000 that it paid under its policy of insurance for damage to the vessel, which damages were allegedly caused by the negligent and improper actions of the port captain/harbormaster in directing, assigning and/or allowing the vessel to the mooring and/or providing a mooring that did not have sufficient size and weight to securely hold the vessel.

9. Third-Party Plaintiffs are informed and believe that Kurtmen is the individual identified in the Hanover subrogation complaint (and in the complaint in the McBride Action further described below) as the port captain/harbormaster who allegedly negligently directed, assigned and/or allowed McBride to secure his vessel to mooring buoy no. 9 and allegedly made the erroneous representations to McBride regarding the size, capacity and fitness of the mooring and its ability to securely hold the vessel in place.

10. Hanover named PBC as defendants in the subrogation complaint even though (1) PBC did not have any involvement with directing or assigning the mooring to McBride; (2) PBC did not make any representations to McBride about the mooring, including how it was secured or its capacity; (3) Kurtmen was not acting on behalf of PBC in his dealings with McBride regarding the mooring; (4) Kurtmen's actions were not authorized by PBC and he was not acting as PBC's employee or agent or performing duties within the course and scope of any employment or agency with PBC when he allegedly negligently directed, assigned and/or allowed McBride to secure his vessel to mooring buoy no. 9 and when he allegedly made the erroneous representations to McBride regarding the size, capacity and fitness of the mooring and its ability to securely hold the vessel in place; and (5) Hanover's insureds filed a complaint against PBC and SYC in this same court, bearing case no. 5:25-cv-08179-EKL, for damage to the same vessel resulting from the same occurrence, with Hanover's insureds alleging in their complaint that both PBC and SYC are liable for the claimed damages based on the alleged negligence of Kurtmen and his alleged erroneous representations regarding the mooring. (Hereafter referred to as the "McBride Action")

/ / /

/ / /

/ / /

11. PBC is informed and believes that Hanover did not name SYC or Kurtmen as defendants in the subrogation complaint because Hanover is providing a defense to one or both with respect to McBride's claims for damages to the vessel in the McBride Action under a liability policy Hanover issued to SYC.

12. In this action and in the McBride Action, PBC filed a response to the complaints, denying any liability on its part and asserting affirmative defenses, and is informed and believes that SYC, Kurtmen and the other Third-Party Defendants, remain legally responsible for any damages or losses alleged and proven by Hanover and Hanover's insureds in these actions.

**FIRST CAUSE OF ACTION**

**(Implied Indemnity Against All Third-Party Defendants)**

13. Third-Party Plaintiffs refer to and incorporate by reference paragraphs 1-12 above as though fully set forth herein.

14. Third-Party Plaintiffs deny they possess any liability to Plaintiff or Plaintiff's insureds or are otherwise legally responsible in any manner for the damages alleged in the complaint. If, however, Third-Party Plaintiffs are found liable or responsible for any such damages, any such liability could only be derivative from or concurrent with the acts and liability of Third-Party Defendants, and thus such liability would necessarily result solely from Third-Party Defendants' negligent and wrongful actions, and breach of contractual duties.

15. Third-Party Defendants, and each of them, thus have a duty to indemnify Third-Party Plaintiffs for all losses or damages which may result, or any recovery that Plaintiff may realize, including any sums paid in settlement or judgments for which Third-Party Plaintiffs may be adjudicated liable to Plaintiff, including any reasonable attorney's fees and costs incurred in the defense of the claims.

**SECOND CAUSE OF ACTION**

**(Equitable Indemnity Against All Third-Party Defendants)**

16. Third-Party Plaintiffs refer to and incorporate by reference paragraphs 1-15 above as though fully set forth herein.

/ / /

17. Third-Party Plaintiffs deny they possess any liability to Plaintiff or Plaintiff's insureds or are otherwise legally responsible in any manner for the damages alleged in the complaint. If, however, Third-Party Plaintiffs are found liable or responsible for any such damages, any such liability could only be derivative from or concurrent with the acts and liability of Third-Party Defendants, and thus such liability would necessarily result solely from Third-Party Defendants' negligent and wrongful actions, and breach of contractual duties.

18. Third-Party Defendants, and each of them, thus have a duty to indemnify Third-Party Plaintiffs for all losses or damages which may result, or any recovery that Plaintiff may realize, including any sums paid in settlement or judgments for which Third-Party Plaintiffs may be adjudicated liable to Plaintiff, including any reasonable attorney's fees and costs incurred in the defense of the claims.

**THIRD CAUSE OF ACTION**

**(Contribution Against All Third-Party Defendants)**

19. Third-Party Plaintiffs refer to and incorporate by reference paragraphs 1-18 above as though fully set forth herein.

20. If Third-Party Plaintiffs are held liable or responsible for any damages alleged in the complaint, Third-Party Plaintiffs are entitled to contribution from Third-Party Defendants, and each of them, for the alleged damages in an amount proportionate to the amount of fault attributable to or caused by Third-Party Defendants respectively.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief Against All Third-Party Defendants)**

21. Third-Party Plaintiffs refer to and incorporate by reference paragraphs 1-20 above as though fully set forth herein.

22. An actual controversy has arisen between Third-Party Plaintiffs and Third-Party Defendants, and each of them, with respect to the rights, obligations and duties of the parties. Third-Party Plaintiffs deny they are in any manner responsible for Plaintiff's injuries and damages and that liability resides solely with Third-Party Defendants, entitling Third-Party Plaintiffs to indemnity from Third-Party Defendants. Third-Party Plaintiffs are informed and believe that Third-Party

Defendants dispute this claim.

## PRAYER FOR RELIEF

Wherefore, Third-Party Plaintiffs judgment against Third-Party Defendants as follows:

A.  The Court issue an order declaring that Third-Party Defendants must indemnify Third-Party Plaintiffs for all settlements or compromises or judgments entered into or against Third-Party Plaintiffs as a result of any of the matters in the complaint;

B.  The Court issue an order declaring percentage of fault, if any, between Third-Party Plaintiffs and Third-Party Defendants for damages allegedly caused to Plaintiff, in addition to declaring the parties' rights and duties regarding the matters alleged in the complaint; and

C.  For their costs and attorney fees incurred in bringing and defending this action, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: January 14, 2026          GIBSON ROBB & LINDH LLP

/s/ MICHAEL J. CUMMINS
Michael J. Cummins
mcummins@gibsonrobb.com
Attorneys for Defendants and Third-Party Plaintiffs
PEBBLE BEACH COMPANY, et al.